1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CONRAD GULBRONSON,<br><br>Plaintiff,<br><br>v.<br><br>A. RANDOLPH, et al.,<br><br>Defendants. | No. 1:21-cv-01262 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY IT SHOULD NOT BE RECOMMENDED THAT THIS MATTER BE DISMISSED FOR FAILURE TO KEEP THE COURT APPRISED OF CURRENT ADDRESS<br><br>(ECF No. 9)<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE EITHER FILING A VERIFICATION THAT HIS ADDRESS IS CURRENT, OR FILING A NOTICE OF CHANGE OF ADDRESS. DUE IN SEVEN DAYS. |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to keep the Court apprised of his current address. As an alternative to filing the showing of cause, Plaintiff may either verify that his address is current, or he may file a notice of change of address. Plaintiff will have seven days to take one of these courses of action.

I.  **RELEVANT FACTS**

On July 23, 2024, Plaintiff was ordered to file a notice of current address with the Court, consistent with Local Rule 183(b).  ECF No. 9.  When the order issued, Plaintiff was given seven days to comply with it.  Id.

The time within which Plaintiff was to comply with the Court's order has passed and Plaintiff has not responded to it, nor has Plaintiff not requested an extension of time to do so. Although there is a notation on the docket dated August 6, 2024, which indicates that Plaintiff may have been moved to another prison (see ECF No. 10) (docket annotation regarding address) – High Desert State Prison – because it is not a change of address that Plaintiff filed with the Court himself, it is unclear whether the address provided on the returned mail is, in fact, a permanen, new address for him.

II.  **DISCUSSION**

The order directing Plaintiff to file a notice of current address was issued in order to ensure that a correct address was on file for Plaintiff prior to screening his case.  Having this information on file generally enables the Court to be more efficient.  It also allows the Court to prioritize the review of older matters on its docket.

Because Plaintiff has not responded to the Court's July 2024 order, he will be ordered to show cause why this matter should not be dismissed for his failure to do so.  As an alternative to filing the showing of cause, Plaintiff may either verify that the current address he has on file is accurate, or he may file a notice of change of address with the Court.  Plaintiff will be given another seven days to take one of these courses of action.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff is ordered to SHOW CAUSE why this matter should not be dismissed for failure to obey a court order.  See Local Rule 183(b);

2.  As an ALTERNATIVE to filing the showing of cause, Plaintiff may either VERIFY that his current address on file is correct or he may FILE a notice of change of address with the Court, and

3.  Plaintiff shall have seven days to take one of these courses of action.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated: __March 18, 2025__                          __/s/ Gary S. Austin__
                                                                    UNITED STATES MAGISTRATE JUDGE