UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CONRAD GULBRONSON, | No. 1:21-cv-01262 GSA (PC) |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| A. RANDOLPH, et al., | ORDER RECOMMENDING DISMISSAL FOR FAILURE TO OBEY COURT ORDERS |
| Defendants. | (ECF Nos. 9, 11) |
| | PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to obey court orders. Plaintiff will have fourteen days from the date of this order to file objections to it.

I.     RELEVANT FACTS

Plaintiff's last communication with the Court was on March 7, 2023, when he filed an updated address with the Court in another matter: Gulbronson v. Jones, No. 2:21-cv-01296 TLN CKD. See generally 3/7/23 docket entry. Thereafter, on July 23, 2024, because a significant

1

1  amount of time had passed since Plaintiff's complaint had been filed, the Court ordered Plaintiff
2  to file a notice of current address with the Court. ECF No. 9. The order was served on Plaintiff
3  at California State Prison – Sacramento, which was the most recent address that Plaintiff had
4  provided to the Court. See NEF of 7/23/24 "Service by Mail" docket entry. Plaintiff was given
5  seven days to comply with the Court's order. Id.
6     On August 5, 2024, the Court's order was returned to it marked "Undeliverable, RTS, Not
7  deliverable as addressed, Unable to Forward." It appears that the returned envelope also had
8  Plaintiff's new address on it, which was at High Desert State Prison ("HDSP"). See 8/5/25
9  docket entry. As a result, consistent with the information on the returned envelope, on August 6,
10 2024, the Clerk's Office, sua sponte, changed Plaintiff's address on the Court's docket and it re-
11 served the Court's July 23, 2024, order that had directed Plaintiff to file a notice of current
12 address with the Court. See 8/6/24 docket entry entitled "Docket Annotation." The order was re-
13 served at the new HDSP address. See NEF of 8/6/24 "Re-Service by Mail" docket entry.
14    The re-served order was not returned to the Court. Plaintiff never responded to the
15 Court's order to provide notice of his current address. As a result, in the interests of efficiency
16 and out of an abundance of caution, on March 19, 2025, Plaintiff was ordered to show cause why
17 it should not be recommended that this matter be dismissed for failure to keep the Court apprised
18 of his current address. ECF No. 11. As an alternative to filing the showing of cause, Plaintiff
19 was given the opportunity either to file a verification that his address was current or to file a
20 notice of change of address. Id. at 2. Plaintiff was given another seven days to comply with the
21 Court's order.
22    More than seven days have passed and Plaintiff has not responded either to the Court's
23 first order that directed him to file a notice of current address with the Court, or to its second
24 order that directed him either to file a showing of cause or to provide the Court with his current
25 address. Nor has Plaintiff has not filed requests for extensions of time to do so.   The Court
26 further notes that a search for Plaintiff on the California Department of Correction and
27 Rehabilitation's website indicates that Plaintiff is, in fact, still incarcerated at HDSP. See
28 https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=H52054 (search for Plaintiff's H52054 Inmate

Number indicating same) (last visited 6/2/25).

II. APPLICABLE LAW

A. Federal Rule of Civil Procedure 41(b) and Local Rules 110

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order. L.R. 110.

B. Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

III. DISCUSSION

A. Rule 41(b) and Local Rule 110 Support Dismissal of This Case

It is a plaintiff's responsibility to keep a court apprised of his current address at all times. The fact that Plaintiff failed to file a notice of change of address with the Court – either on his own or as twice ordered – warrants the dismissal of this matter, in accord with Rule 41(b) and Local Rules 110 and 183(b).

B. Application of Malone Factors Supports the Dismissal of This Case

1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than ample time to file responses to the Court's two orders that specifically directed him to file a notice of current address, yet he has failed to respond to

3

either of the Court's orders and nor has he contacted the Court to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[1]  "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests."  Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that keeping this case on the Court's docket when Plaintiff has not attempted to respond to either of the Court's two orders – even though, presumably, he has received both of them[2] – is not a good use of the Court's already taxed resources.  Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case.  Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter.

### 2. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, they have not put time and effort into defending against it.  As a result, there will be no prejudice to them if the matter is dismissed.  On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that this case has languished on the Court's docket for approximately ten months since its first order directing Plaintiff to file a notice of current address with the Court issued, without any response from Plaintiff during that period, there is no less drastic option than dismissal.  Although the disposition of cases on their merits is preferred, this matter cannot be

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit.").  This problem is compounded by a shortage of jurists to review its pending matters.  See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

[2] Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

4

prosecuted if Plaintiff persists in not responding to the most basic of court orders, nor can it be disposed of on its merits.

### IV. CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule 110, and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to obey court orders. Plaintiff will be given fourteen days to file objections to this order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice for failure to obey court orders.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 5, 2025**             /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE

5