**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC CONRAD GULBRONSON,<br><br>Plaintiff,<br><br>v.<br><br>A. RANDOLPH, et al.,<br><br>Defendants. | Case No.: 1:21-cv-01262 KES CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>Doc. 18 |

Eric Conrad Gulbronson initiated this action by filing a civil rights complaint on August 19, 2021.  Doc. 1.  The magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915A, and found Gulbronson stated claims under the Eighth Amendment but found his remaining claims were not cognizable.  Doc. 16 at 7-16.  The magistrate judge ordered Gulbronson to notify the Court if he wished to proceed only on the cognizable claims, file an amended complaint, or file a notice of voluntary dismissal.  *Id.* at 18.  When Gulbronson failed to respond in any manner to the Screening Order, the magistrate judge ordered him to show cause why the action should not be dismissed.  Doc. 17.  Again, Gulbronson did not respond.

On February 11, 2026, the magistrate judge found Gulbronson failed to comply with the Court's orders and failed to prosecute the action.  Doc. 18 at 2-3. The magistrate judge found terminating sanctions were appropriate after considering the factors identified by the Ninth

Circuit in *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988). *Id.* at 2-4. The magistrate judge recommended the Court dismiss the action without prejudice. *Id.* at 4.

On February 11, 2026, the Court served the findings and recommendations on Gulbronson and notified him that any objections were due within 14 days. Doc. 18 at 4. The Court also advised that failure to file timely objections may result in the waiver of rights on appeal. *Id.* at 5 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). Gulbronson did not file objections, and the time to do so has passed. To date, Gulbronson has not taken any action to further prosecute his claims, despite the Court's orders.

In accordance with 28 U.S.C. § 636(b)(1), the Court performed a de novo review of this case. Having carefully reviewed the file, the Court concludes the findings and recommendations are supported by the record and proper analysis. The Court **ORDERS**:

1. The findings and recommendations issued on February 11, 2026 (Doc. 18) are **ADOPTED** in full.

2. This action is **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   March 10, 2026   

_____
UNITED STATES DISTRICT JUDGE

2